UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CARTAVIUS FARRINGTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:19-cv-02314-SLD-JEH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

ORDER

The matter comes before the Court on United States Magistrate Judge Jonathan Hawley's oral report and recommendation that the Court grant Petitioner Cartavius Farrington's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 22, on the basis that his counsel did not make a reasonable strategic decision to forego raising as an argument on appeal that his trial judge should have recused himself under 28 U.S.C. § 455, *see generally* Evidentiary Hr'g Tr., ECF No. 36, as well as the Government's objections to the report and recommendation, Objs., ECF No. 38. For the reasons that follow, the objections are SUSTAINED, and the report and recommendation is REJECTED. Farrington's § 2255 motion is DENIED.

BACKGROUND[1]

I.   **Procedural Background**

The only remaining claim from Farrington's § 2255 motion is his claim that his appellate counsel was ineffective for failing to raise on appeal a claim that United States District Judge Colin Bruce, who presided over his district court proceedings, should have recused himself under

---

[1] The Court presumes familiarity with its March 30, 2023 Order, ECF No. 29, and includes only the background necessary to resolve the currently pending matters. Citations to Farrington's underlying criminal case, *United States v. Farrington*, 2:17-cr-20026-SLD-EIL, take the form: Cr. __. Citations to documents from Farrington's appellate case, *United States v. Farrington*, No. 18-1122 (7th Cir. 2019), take the form: Doc. __.

1

28 U.S.C. § 455(a).  Mar. 30, 2023 Order 24, ECF No. 29.  The § 455(a) claim would have been based on *ex parte* communications that Judge Bruce had with the United States Attorney's Office ("USAO") for the Central District of Illinois.  *Id.* at 4.  The Court referred the matter to Judge Hawley to conduct an evidentiary hearing on the remaining ineffective assistance of counsel claim, *id.* at 24, which was held on November 15, 2023, *see* Nov. 15, 2023 Min. Entry.

II.     **Facts Relevant to the Ineffective Assistance Claim**

Farrington was sentenced to 240 months of imprisonment for possession of cocaine base with intent to distribute on January 9, 2018.  Judgment 1–2, Cr. ECF No. 23.  He filed a notice of appeal on January 17, 2018.  Not. Appeal, Cr. ECF No. 26.  Before the district court and on appeal, Farrington was represented by Assistant Federal Public Defender Elisabeth Pollock.  *See* Apr. 13, 2017 Min. Entry; Appearance 1, Doc. 2.  For part of the time she represented Farrington, Pollock also represented a defendant who was facing the death penalty.  Evidentiary Hr'g Tr. 7:11–8:2.

Around May 30, 2018, the Federal Public Defender's Office ("FPDO") was notified of *ex parte* emails between Judge Bruce and the USAO relating to Sarah Nixon's criminal case.  *See, e.g.*, *id.* at 8:20–24; *id.* at 14:5–10.  At some point—though it is unclear from the record when—more *ex parte* communications between Judge Bruce and the USAO were disclosed beyond those only relating to Nixon's case.  Pollock testified that after the FPDO became aware of the *ex parte* emails, "there [was] . . . discussion within the office of the implications of the emails and what issues that might create for [their] clients."  *Id.* at 11:2–6.

Farrington's opening appellate brief was filed on June 28, 2018.  *See* Appellant Br., Doc. 15.  He argued that his sentence was substantively unreasonable and that the sentencing court committed a procedural error, causing a due process violation.  *See id.* at 2.  He did not raise any

2

claims based on the *ex parte* communications. Pollock testified that she did not "remember considering raising" any claim based on the communications in Farrington's opening brief. Evidentiary Hr'g Tr. 12:2–6; *id.* at 25:4–5 ("[W]hen it came to filing the initial brief, I wasn't even thinking about that.").

At the time Pollock filed Farrington's opening brief, no one had made an argument that Judge Bruce's communications showed a bias against defendants, *id.* at 24:1–4, or an appearance of bias against defendants. Pollock first "became aware of using Judge Bruce's emails in a case . . . when the [USAO] appellate chief, then Gregg Walters, sent [her] an email and alerted [her] to the fact that" the opening brief in *United States v. Atwood*, 941 F.3d 883 (7th Cir. 2019), was filed. Evidentiary Hr'g Tr. 25:6–13; Jan. 24, 2019 Walters Email, ECF No. 23-1 at 8–9. That brief was filed on January 17, 2019, and included an argument that Judge Bruce violated § 455(a) by failing to disqualify himself from the defendant's sentencing. *See* Def.-Appellant's Opening Br. 11–17, *United States v. Atwood*, No. 18-2113 (7th Cir. Jan. 17, 2019), Doc. 18.

At that time, oral argument had been held in Farrington's case, Evidentiary Hr'g Tr. 25:14–15 (testifying that oral argument was held on November 14, 2018), but no decision had been issued yet. Pollock made no motion to reopen the briefing to raise an argument based on Judge Bruce's communications but would have if she thought at the time that it would have been meritorious. *Id.* at 28:13–22. Because she was busy with her death penalty case, she asked Federal Public Defender Thomas Patton and Assistant Federal Public Defender Peter Henderson to look into raising such an argument. *Id.* at 29:3–5; *id.* at 28:23–29:2 ("I emailed other people in my office and said *You guys figure it out and tell me what I'm doing* because I think at that point I was pretty deep into trial prep for [the death penalty client]."). She "relied on" Patton and

3

Henderson because she thought they were "more adept appellate attorneys than" her and because they "were not quite as preoccupied as [she] was." *Id.* at 30:15–19.

Pollock testified that "[t]here was definitely weighing done" about whether to raise a § 455(a) claim on appeal, though she cannot remember precisely what conclusion Patton and Henderson reached. *Id.* at 31:6–23; *id.* at 12:3–6 (testifying that she thought there was discussion in her office "about whether or not [the emails] would even create an issue in cases where individual defendants were not referenced in any emails"); *id.* at 12:12–18 (testifying that "whether or not [a § 455(a) claim] would be ripe to raise on appeal or not, if it was waived because it wasn't raised in the District Court, if it was more appropriate for a 2255" are the things they "would be . . . thinking about" but she could not "remember exactly"); *id.* at 30:8–11 (recalling "emails back and forth about whether it was a ripe issue, whether or not [they] could raise it, because it had not been raised in the District Court"). She believes that Henderson wrote her an email while Farrington's appeal was pending indicating that his opinion was that "this was not likely to succeed." *Id.* at 42:13–23. She thinks the email "had case names in it," and she "generally rel[ied] on . . . Henderson to be correct." *Id.* at 42:25–43:2. But Pollock "did not personally research" whether she could raise a § 455(a) claim herself. *E.g.*, *id.* at 30:14; *id.* at 28:3 ("I recall that I did not research this.").

Ultimately, Farrington's sentence was affirmed on appeal on August 5, 2019. *See United States v. Farrington*, 783 F. App'x 610, 611 (7th Cir. 2019). He moved for rehearing on August 19, 2019, Pet. Rehearing, Doc. 38, but the motion was denied, Sept. 9, 2019 Order, Doc. 40. A month later, in October 2019, the Seventh Circuit found that Judge Bruce violated § 455(a) in the *Atwood* case and that the error was not harmless. *Atwood*, 941 F.3d at 884. The court vacated the defendant's sentence and remanded for a resentencing before another judge. *Id.* at 886.

After Pollock learned of the *Atwood* decision and realized that it could have been used in Farrington's case (among other cases that had been on appeal at the same time), she signed an affidavit stating that her failure to raise the § 455 statutory recusal issue on appeal was not based on strategy. *E.g.*, Evidentiary Hr'g Tr. 12:23–13:19; *id.* at 14:18–22.

### III. Judge Hawley's Report and Recommendation

Judge Hawley noted that the question he was tasked with answering was "whether counsel's failure to raise the statutory recusal issue on appeal was not supported by a reasonable strategy." *Id.* at 52:8–12. He noted that his findings were not "based on any credibility findings" because he did not think Pollock's credibility was challenged "in any way." *Id.* at 52:13–21.[2] He found that no lawyer would be expected to raise the § 455(a) challenge until when Walters emailed Pollock about the *Atwood* brief. *Id.* at 52:23–53:14. He found that, after that, it was clear that the FPDO attorneys considered the issue and chose not to raise it, *id.* at 54:5–16, but that there was no reasonable strategic reason not to raise it, *id.* at 57:5–8; *see also id.* at 58:1–6 ("There's no harm that I can discern that I've heard in the testimony or seen in the record for the federal defender to have moved to re-open briefing and raise an issue that was already pending in the Court of Appeals while the appeal was pending.").

### IV. Objections

The Government objects to Judge Hawley's recommended ruling for three reasons. Objs. 12. It argues that Pollock "made a conscious and informed strategy choice not to raise the *ex parte* emails on appeal in the face of numerous procedural hurdles," that "the ineffective

---

[2] It appears that the Government is now raising a credibility argument based on Pollock's affidavit, suggesting that she lied in her affidavit. *See* Objs. 23 ("[T]hey . . . engineered an affidavit using legal verbiage suggesting their strategy decision was…something else…because they knew calling it what it was would not get him the relief he sought."). The Court finds it unnecessary to address this because it bases its decision on Pollock's testimony at the hearing.

assistance of counsel body of law was never meant to be a last-ditch consequence-free end-run around finality principles," and that Judge Hawley "failed to specify which attorney was constitutionally deficient." *Id.* No response to the objections was filed.

## DISCUSSION

### I. Legal Standard

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were properly objected to and may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3).

### II. Analysis

Claims of ineffective assistance of counsel are subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires a defendant to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Id.* at 688, 692. The Court has already decided that Farrington can show prejudice. *See* Mar. 30, 2023 Order 12–17. Considering the issue *de novo*, however, the Court finds that Farrington has not met his burden to show that Pollock performed deficiently, *see United States v. Trumblay*, 234 F.2d 273, 275 (7th Cir. 1956) ("On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof."); *Hearn v. United States*, 194 F.2d 647, 649 (7th Cir. 1952) ("To sustain his motion made under Sec. 2255, the burden of proof was on the appellant to establish by a preponderance of the evidence that he had been deprived of some right under the Constitution.").

Although "[t]he right to appellate counsel is . . . firmly established," *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986), "[e]ffective advocacy does not require the appellate attorney to raise every non-frivolous issue under the sun," *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). The court must apply "a strong presumption that decisions by counsel fall within a wide range of reasonable . . . strategies." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotation marks omitted). A defendant "must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).[3]

It is clear from the evidentiary hearing that Pollock did consider, at some point, whether she should try to raise a § 455(a) claim in Farrington's appeal. She was busy with another case and did not have as much appellate experience as others in her office, so she asked Patton and Henderson to look into whether and if she should raise the claim. Those attorneys debated and weighed the issue. And Henderson told Pollock that he did not think the claim would be meritorious, with citations to cases. The inference from Pollock's testimony that she received this email, that she relied on Henderson to be correct, and that she would have raised the claim if she had thought it would be meritorious is that after reviewing Henderson's email, she thought the issue would not be meritorious, so she did not seek to raise it in Farrington's appeal.

Choosing not to raise an argument or claim that one does not think has merit is a reasonable strategy, *cf. United States v. Cieslowski*, 410 F.3d 353, 360–61 (7th Cir. 2005) (finding that an attorney made a strategic decision not to file a motion to suppress in part based

---

[3] The Court finds the typical ineffective assistance of appellate counsel principles—i.e., that "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome," *Gray*, 800 F.2d at 646—somewhat unhelpful because the claim Farrington wishes Pollock would have brought was a claim that only arose after Farrington's district court proceedings concluded. This is not a typical case where an appellate attorney was merely winnowing the universe of claims based on the district court proceedings, *cf. Mason*, 97 F.3d at 893 ("[O]ne of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects." (quotation marks omitted)).

on her testimony that she did not think it would be meritorious), unless that belief was based on a "misapprehension of law," *Johnson v. United States*, 604 F.3d 1016, 1019 (7th Cir. 2010); *cf. United States v. Lewis*, 477 F. App'x 79, 82 (4th Cir. 2012) ("There is . . . a difference between a bad prediction within an accurate description of the law and gross misinformation about the law itself." (quotation marks omitted)). Farrington did not put forth evidence about why Henderson thought the claim was unlikely to succeed on appeal from which the Court could find it was based on a misapprehension of law.[4] And the Court can think of some legitimate reasons Henderson may have thought—prior to *Atwood*—that the claim was unlikely to succeed on appeal. It was quite a novel and nebulous factual situation, and even if a defendant could prove a § 455(a) violation, it was not clear what standard of review would apply or whether the Seventh Circuit would find that any relief was warranted. Hindsight shows that Henderson's assessment was wrong, but that does necessarily mean it was unreasonable at the time. *See Corral v. Foster*, 4 F.4th 576, 585 (7th Cir. 2021) ("[S]o long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally

---

[4] At the evidentiary hearing, there was discussion of a December 4, 2019 email from Henderson to Patton that provided a reason they "didn't include 455(a) before." Dec. 4, 2019 Henderson Email, ECF No. 23-1 at 95; Evidentiary Hr'g 43:5–44:14 (discussing the email). In its March 30, 2023 Order, the Court noted that if this email did explain the reason Pollock decided not to raise the § 455(a) issue on appeal, "it could demonstrate that the decision was objectively unreasonable because it was based on a misunderstanding of the law." Mar. 30, 2023 Order 22–23 n.13. The email references the standard for motions for new trial, not for raising § 455(a) claims on appeal. *Id.* at 21–23 & n.13. At the hearing, the Government suggested that this was the email Pollock received from Henderson and Pollock responded, "I think that's correct." Evidentiary Hr'g Tr. 43:25–44:5. But it cannot be the email she received from Henderson. She is not listed as a recipient of the email, *see* Dec. 4, 2019 Henderson Email, though it is possible that it was forwarded to her. In any case, the email postdates the *Atwood* decision, and it postdates the decision in Farrington's appeal, so this cannot be the email Pollock testified Henderson sent her with his opinion that he did not think a § 455(a) claim would be successful on appeal. Moreover, the context of the email was Henderson and Patton sending each other versions of an amended motion for a new trial in Sarah Nixon's case, so on its face it appears that he is simply explaining why they did not raise a § 455(a) claim in Nixon's original new trial motion. *See id.* Additionally, Judge Hawley asked Pollock if she had "any recollection of having [Henderson] share that opinion, or some form of it, while . . . Farrington's appeal was pending," and she responded that she did not. Evidentiary Hr'g Tr. 44:18–21. She then elaborated that her "recollection [wa]s that it was part of the discussion about the likelihood of success of these claims as [they] realized *Atwood* had come out and realized [they] made uh-ohs." *Id.* at 44:22–25. The Court does not find that it is more likely than not that this email provides the reasoning that Henderson thought a § 455(a) claim would not succeed on appeal.

cannot support a claim of ineffective assistance of counsel. This is true even when, in hindsight, another decision may have led to a better result." (quotation marks omitted)).

The only remaining issue is whether Pollock's research and consideration of the issue was sufficient: if not, then her choice not to raise the issue may not have been reasonable. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). She was the decisionmaker as to which issues would be raised in Farrington's appeal, *see* Evidentiary Hr'g Tr. 45:13–46:4, so it is her choices and actions that matter. It is clear that Pollock's investigation was not thorough—she did not research the issue herself. But she referred the issue to trusted colleagues who were experienced in appellate practice. And as the Court found above, she reviewed Henderson's email with his opinion that the claim would not be meritorious and relied on his assessment. Given her trust that he would be correct, the Court will not find that it was an unreasonable choice not to spend additional time researching the issue herself.

In sum, it was Farrington's burden to prove his ineffective assistance of counsel claim. The evidence at the hearing showed that Pollock asked colleagues to look into the feasibility of raising a § 455(a) claim on appeal; after research and weighing the issues, they determined it would not be successful; Pollock was sent an email with this opinion and case cites; and she did not raise the issue because she thought it would not be meritorious. Absent evidence that the opinion that a § 455(a) claim would not be successful on appeal was unreasonable at the time it was formed, the Court finds that Farrington has not shown that Pollock performed deficiently.

9

### III.  Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Farrington has made a substantial showing of the denial of his right to the effective assistance of counsel on appeal, so the Court issues a certificate of appealability with respect to that claim. The Court denies a certificate of appealability on all other claims.

### CONCLUSION

Accordingly, the Government's objections, ECF No. 38, are SUSTAINED, and the Court REJECTS United States Magistrate Judge Jonathan Hawley's oral report and recommendation, *see generally* Evidentiary Hr'g Tr., ECF No. 36. Petitioner Cartavius Farrington's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 22, is DENIED. The Clerk is directed to enter judgment and close the case. The Court issues a certificate of appealability for Farrington's claim that his counsel was ineffective for failing to raise a statutory recusal claim on appeal.

Entered this 22nd day of March, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
